J-S05040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON WEBB | : | |
| | : | |
| Appellant | : | No. 900 WDA 2022 |

Appeal from the PCRA Order Entered October 5, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004482-2014

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED: APRIL 17, 2023**

Jason Webb appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Webb argues his trial counsel was ineffective for failing to raise issues related to the discretionary aspects of his sentence. We affirm.

In 2014, the police recovered from Webb's person a firearm which belonged to another person, 17 bags of heroin, and an oxycodone pill. **See** N.T., Sentencing, 9/14/15, at 9-11. Webb pleaded guilty to receiving stolen property, possession of firearm with altered manufacturer's number, firearms not to be carried without a license, three counts of possession of a controlled substance, and possession of drug paraphernalia.[1]

---

[1] **See** 18 Pa.C.S.A. §§ 3925(a), 6110.2(a), and 6106(a)(1), and 35 P.S. § 780-113(a)(16) and (a)(32), respectively.

The court sentenced Webb in this case at the same time it sentenced him on two other dockets. Those cases arose after Webb shot Tezjuan Taylor outside of the Beer Barrel bar in McKeesport, causing his death. On one docket, Webb had been convicted of third-degree murder, and on the other, of persons not to possess firearms.

At the sentencing hearing, the court referenced a presentencing investigation report ("PSI"). *Id.* at 13. The court summarized details from Webb's life, including his upbringing, his father's death, and his previous criminal record. *Id.* at 16-17. The court discussed Webb's lack of male role models and subsequent engagement in gang culture. *Id.* 17-20. It talked about the impact of drugs and gangs on the community and recounted that the murder Webb committed was the result of a feud between two groups wanting to sell drugs in the same area. *Id.* at 20-23. The court also discussed the seriousness of murder as opposed to other crimes. *Id.* at 26-27. In his allocution, Webb apologized, explained that he had shot Taylor out of panic that his own life was in danger, and emphasized that he had turned himself in after the shooting. *Id.* at 32-33.[2]

For third-degree murder, the court sentenced Webb to 15 to 30 years' incarceration and a consecutive 10 years of probation. It sentenced Webb to a concurrent term of two and one-half to five years' incarceration for persons not to possess firearms. Finally, the court sentenced Webb on the instant

---

[2] In addition, Webb's mother testified and asked for leniency. Webb's counsel presented letters written on Webb's behalf.

docket, for possession of firearm with altered manufacturer's number, to a consecutive term of five to 10 years' incarceration. The court did not impose any penalty on the other offenses to which Webb had pleaded guilty. Webb's aggregate sentence was 20 to 40 years' incarceration followed by 10 years of probation.

Following the sentence, the court stated,

> I believe that what gets me most about your story is the narcissism of your story. When people come in and they can tell me a story and they can show me, you know, real remorse, I believe that to be genuine remorse is a credit for forgiveness.
>
> You're still seeing yourself as a victim. You're still almost in a primitive [phase] of the resolution. You still haven't moved past the point of the dispute resolution. You still think that people are going to get you and, you know, maybe that's partially true, but there is a distinction between fear and paranoia. Fear has a reality base. Maybe this fear, maybe it is paranoia. Maybe it is just a manifestation of brainwashing which you and the generation that you have grown up in has been a product of.
>
> I believe that you believe that the drugs you were selling w[ere] the product. I believe that you and guys that look like you who kill guys that look just like you are the product.
>
> I believe you're [preying] on the community. And it is unfortunate, because I don't think that that was the way your grandma or your mom or people intended it. But you're just sort of abandoned. And I believe that the gangster rap, the gangster videos, the whole indoctrination that you grew up with without a dad made you predisposed to be where you are right now.

*Id.* at 34-36.

Webb did not file any post-sentence motion at the instant docket. He filed a direct appeal in each case but discontinued the appeals effective August 18, 2017.

Webb filed a timely *pro se* PCRA petition on September 19, 2017, referencing all three dockets. The PCRA court appointed counsel and directed counsel to file a separate petition at each docket. At the instant docket, counsel filed an amended PCRA petition alleging that trial counsel was ineffective for failing to file a post-sentence motion challenging Webb's aggregate sentence on the grounds that it was manifestly excessive, not consistent with general sentencing principles, and not based on reasons stated on the record.

The PCRA court issued notice of its intent to dismiss the petition without a hearing.[3] The court explained it had reviewed the PSI prior to sentencing. The court recalled it had stated adequate reasons for the sentence at the hearing, including "Webb's lack of remorse, his obstinance, his failures at community[-]based rehabilitation and his menacing behavior in the localized venue [where] these crimes took place." Order, 5/3/22, at 2. The court pointed out that the facts of the instant case "took place [three] days before the homicide." *Id.* It found that "[t]he coalescence of these case circumstances provides a solid foundation upon which to rest a statutory maximum sentence that is just 12 months above the [standard] guideline base sentence." *Id.*

---

[3] Although the docket entry for this order is labeled, "Order dismissing PCRA," the order states that the court's intention was to dismiss the petition without a hearing, and it gave Webb approximately one month, until June 1, 2022, to respond. *See* Order, 5/3/22, at 1-2; Docket No. 35; *see also* Pa.R.Crim.P. 907.

The court dismissed the petition. Webb timely filed a notice of appeal.[4]

He raises the following issues:

I.     Is the petitioner eligible for relief under the Post Conviction Relief Act?

II.    Did the lower court abuse its discretion in finding no merit to the claim raised in the PCRA petition, and denying the petition without a hearing, where trial counsel was ineffective for failing to file a post-sentence motion challenging the discretionary aspects of Mr. Webb's sentence insofar as (1) the sentence imposed at [all three dockets] was manifestly excessive in the aggregate, (2) the court failed to state any reasons for imposing a sentence above the aggravated range of the guidelines [for persons not to possess firearms], and (3) the court failed to follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant?

Webb's Br. at 4.[5]

Webb argues his trial counsel was ineffective for failing to file a post-sentence motion raising that his aggregate sentence was manifestly

_____

[4] The court issued the final order on July 8, 2022, but did not enter it on the docket. We ordered the trial court to enter the order on the docket; it did so on October 5, 2022. We therefore deem Webb's notice of appeal timely and filed on this date. *See* Pa.R.A.P. 905(a)(5). We have amended the caption accordingly.

[5] Webb also appealed from denial of PCRA relief on his sentence for persons not to possess firearms, raising the same two issues. We address that appeal in a separate memorandum opinion. *See Commonwealth v. Webb*, No. 899 WDA 2022. Webb also appealed the denial of PCRA relief on the docket for the murder conviction, and we affirmed the denial of PCRA relief. *See Commonwealth v. Webb*, 236 A.3d 1170, 1183 (Pa.Super. 2020). In that appeal, Webb did not raise the issue of trial counsel ineffectiveness based on counsel's failure to pursue discretionary sentencing claims.

excessive. He argues that his sentence on the instant docket, of five to 10 years' incarceration to be served consecutively, is an aggravated-range sentence and the statutory maximum. He claims the court did not state adequate reasons to support a consecutive, aggravated sentence in this case. He asserts that his sentences at the other two dockets were also maximum sentences, and that his sentence for persons not to possess firearms fell above the aggravated range.

Webb further argues the court failed to adequately consider the proper sentencing factors – those being the protection of the public, the gravity of the offense, and Webb's rehabilitative needs.[6] He argues that the court did not make any reference to his need for rehabilitation. According to Webb, the court focused only on "(1) [Webb]'s narcissism; (2) lack of remorse; (3) [Webb]'s paranoia; (4) the impact of drugs on the community; and (5) [Webb's] lack of a father (who was murdered) during his childhood caused him to be abandoned." *Id.* at 19. Webb argues that his narcissism and paranoia are irrelevant for sentencing, "as they are personality characteristics which may not be malleable in a sentencing context." *Id.* at 25. He asserts that a lack of remorse should not be grounds to aggravate his sentence, as he believes he is innocent.[7] Webb argues that the court should have considered

---

[6] *See* 42 Pa.C.S.A. § 9721(b).

[7] At trial, Webb argued he acted in self-defense.

his father's death as a mitigating factor, as well as the fact that he turned himself in to the police.

Webb contends that his trial counsel could have no reasonable basis for failing to raise these issues, and that Webb suffered prejudice because he was unable to obtain appellate review of his sentence.

We review an order denying PCRA relief to determine whether the PCRA court's conclusions are supported by the record evidence and free of legal error. **Commonwealth v. Midgley**, 2023 PA Super 18 at *5 (Feb. 7, 2023). We will not disturb the court's decision "unless there is no support for the findings in the certified record." **Id.** (quoting **Commonwealth v. Larkin**, 235 A.3d 350, 355 (Pa.Super. 2020) (*en banc*)).

A PCRA petitioner bears the burden of rebutting the presumption that trial counsel was effective. **Id.** at *6. To carry this burden, a petitioner must both plead and prove that "(1) the underlying claim is of arguable merit; (2) . . . counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." **Id.** (quoting **Commonwealth v. Patterson**, 143 A.3d 394, 397-98 (Pa.Super. 2016)).

A challenge to the discretionary aspects of the sentence will only warrant appellate consideration when it presents a substantial question that the sentence violated a provision of the Sentencing Code or the norms underlying the sentencing process. **Commonwealth v. Caldwell**, 117 A.3d 763, 768

(Pa.Super. 2015). We may find a substantial question when the aggregate sentence is facially excessive considering the criminal conduct at issue. **See Commonwealth v. Sarvey**, 199 A.3d 436, 455-56 (Pa.Super. 2018). We may also find a substantial question in allegations that the court failed to consider the factors stated in the Sentencing Code or to state the reasons for its sentence, or that it relied on impermissible factors. **See Commonwealth v. Coulverson**, 34 A.3d 135, 143 (Pa.Super. 2011); **Commonwealth v. Shugars**, 895 A.2d 1270, 1274 (Pa.Super. 2006); **see also** 42 Pa.C.S.A. § 9721(b) (stating court must "follow the general principle that the sentence imposed should call for confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant").

However, we will only vacate a sentence falling within the guidelines when the application of the guidelines would be clearly unreasonable. 42 Pa.C.S.A. § 9781(c)(2). An "unreasonable" decision is "one that is irrational or not guided by sound judgment." **Sarvey**, 199 A.3d at 456 (internal quotation marks and citation omitted). A court has broad discretion in fashioning a sentence, including in deciding whether to run sentences consecutively or concurrently. We will not disturb a sentence absent a manifest abuse of discretion. **Commonwealth v. Moury**, 992 A.2d 162, 169-70, 171 (Pa.Super. 2010).

Moreover, a court need not undertake a lengthy discourse to satisfy the requirement that it state its reasons for imposing sentence. ***Commonwealth v. Rush***, 162 A.3d 530, 544 (Pa.Super. 2017). Rather, "the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Id.*** (citation omitted). We presume a court that has the benefit of a PSI has been adequately apprised of all relevant sentencing criteria. ***Commonwealth v. Jones***, 942 A.2d 903, 908 (Pa.Super. 2008).

Webb has failed to prove that his discretionary sentencing issue has merit. Even assuming Webb's allegations raise a substantial question, Webb has not proven that the court's aggregate sentence or the sentence on the instant docket were excessive or clearly unreasonable given the facts of these cases. Webb has also failed to prove that the court failed to consider all relevant factors, especially given the court's utilization of a PSI. The court stated its reasoning when it imposed sentence, and we find its recitation to be more than adequate. We are further unconvinced by Webb's arguments that a defendant's character traits such as paranoia and narcissism, or a defendant's lack of remorse, are not relevant to a defendant's capacity for rehabilitation and are not proper considerations for a sentencing court.

As Webb has failed to prove his sentencing claim has merit, he has failed to prove his trial counsel was ineffective for declining to file a post-sentence motion. We therefore find the PCRA court did not err in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2023